UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR T. JACKSON,

        Petitioner,

v.                                 CASE NO. 11-cv-14906
                                   HONORABLE NANCY G. EDMUNDS

STEVE RIVARD,

        Respondent.
_____/

**OPINION AND ORDER
DISMISSING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. Introduction**

Pending before the Court is petitioner Arthur T. Jackson's *pro se* application for the writ of habeas corpus. Petitioner is a state inmate at the St. Louis Correctional Facility in St. Louis, Michigan. He has been convicted of breaking and entering a building in violation of Mich. Comp. Laws § 750.110.

Petitioner claims that § 750.110 does not adhere to provisions of the Michigan Constitution because the statute lacks an enacting clause and title. In the absence of a valid statute, argues Petitioner, there was no crime and the trial court lacked jurisdiction to render a judgment against him. Petitioner seeks release from custody on the ground that he is being restrained of his liberty.

Petitioner has not alleged that he exhausted state remedies for his claim, as required by 28 U.S.C. § 2254(b)(1). Exhaustion, however, is not a jurisdictional requirement, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), and "[a]n application for a writ of

habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Because Petitioner's claim lacks merit, it would be a waste of judicial resources to require him to present his claim to the state court. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). The Court will proceed to address Petitioner's claim in the interest of efficiency. Review is *de novo*, because it does not appear that any state court has adjudicated the merits of Petitioner's claim, and the deference due under 28 U.S.C. § 2254(d)[1] does not apply. *Dorn v. Lafler*, 601 F.3d 439, 442 (6th Cir. 2010).

## II. Discussion

As noted, Petitioner claims that the breaking-and-entering statute lacks an enacting clause and title and, therefore, the state court lacked jurisdiction to try him. Although Petitioner contends that he is restrained of his liberty in violation of the Federal Constitution, the essence of his claim is that the Michigan Constitution was violated.

---

[1] A habeas petitioner is entitled to the writ of habeas corpus if the state court's adjudication of his or her claims on the merits

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 786 (2011).

The Michigan Constitution requires state laws to have an enacting clause. *See* MICH. CONST. 1963, art. 4, § 23 ("The style of the laws shall be: The People of the State of Michigan enact."); *see also People v. Dettenthaler*, 77 N.W. 450 (Mich. 1898) (invalidating a state law that was passed without an enacting clause). But the contention that the breaking and entering statute violates the Michigan Constitution lacks merit because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (per curiam)).

Whether a state court possessed "jurisdiction under state law is a function of the state courts, not the federal judiciary," *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976), and "[w]hether certain statutes have or have not binding force . . . is for the state to determine . . . ." *Duncan v. McCall*, 139 U.S. 449, 462 (1891). "[T]hat determination in itself involves no infraction of the constitution of the United States, and raises no federal question giving the courts of the United States jurisdiction." *Id.*; *see also Leeper v. Texas*, 139 U.S. 462, 467 (1891) (stating that, "whether the statutes of a legislature of a state have been duly enacted in accordance with the requirements of the constitution of such state is not a federal question, and the decision of state courts as to what are the laws of the state is binding upon the courts of the United States").

### III. Conclusion

Petitioner's claim is not cognizable on habeas corpus review. He has failed to show that he "is in custody in violation of the Constitution or laws or treaties of the United States."

3

28 U.S.C. §§ 2241(c)(3) and 2254(a). Accordingly, the petition for a writ of habeas corpus [dkt. #1] is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.")

The Court declines to grant a certificate of appealability because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal because he was granted *in forma pauperis* status in the District Court. Fed. R. App. P. 24 (a) (3).

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: December 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 14, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer  
Case Manager

4